**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO.  1:06CV373-3-T
[1:02CR105-T]**

| | | |
|---|---|---|
| **MICHAEL ANTHONY JENKINS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion to
vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and
his "Consent for Recharacterization and Amendment of Writ of Habeas
Corpus," filed December 18, 2006.  For the reasons stated herein, the
Petitioner's motion is denied.

## I.  PROCEDURAL HISTORY

On December 2, 2002, Petitioner and 12 co-Defendants were
charged by bill of indictment with conspiracy to possess with intent to
distribute at least fifty grams of cocaine base, in violation of 21 U.S.C. §§

841 and 846; Petitioner and two co-Defendants were charged in a second count of the indictment of using a firearm during and in relation to a drug trafficking crime, and brandishing said firearm, and aiding and abetting that offense, in violation of 18 U.S.C. §§ 924(c)(1) and (2).  **Bill of Indictment, filed December 2, 2002.**  On February 28, 2003, the Petitioner and the Government entered into a plea agreement wherein the Petitioner agreed to plead guilty to Counts One and Two of the Indictment.  **Plea Agreement, filed February 28, 2003.**  On the same day, the Petitioner appeared before the Magistrate Judge for entry of his plea.  After conducting the lengthy colloquy required by Rule 11, the Magistrate Judge found the Petitioner had knowingly and voluntarily entered his plea; he understood the charges, potential penalties, and consequences of said plea , and the Magistrate Judge accepted Petitioner's guilty plea.  **Rule 11 Inquiry and Order of Acceptance of Plea, filed February 28, 2003.**

On March 19, 2004, this Court sentenced Petitioner to 208 months imprisonment on Count One and a consecutive sentence of 84 months on Count Two, for a total of 292 months imprisonment.  The Court also sentenced Petitioner to four years of supervised release on Counts One and Two  to run concurrently.  **Judgment in a Criminal Case, filed April**

**14, 2004, amended as to supervised release only, filed June 14, 2004.**

Petitioner appealed his case to the Fourth Circuit Court of Appeals; that Court affirmed the Petitioner's conviction and sentence on December 19, 2005.

Petitioner filed this motion on November 17, 2006, alleging that his attorney was ineffective for failing to object to his prior state conviction for assault on a female being used for his designation as a career offender under § 4B1.1 of the Sentencing Guidelines because such conviction does not qualify as a prior felony conviction.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed the Petitioner's motion and the record of criminal proceedings. As hereafter explained, such review clearly establishes that the Petitioner is not entitled to any relief on his claims.

### III.  ANALYSIS

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. ***Strickland v. Washington*, 466 U.S. 687-91 (1984).** In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. ***Id.* at 689; *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1985); *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983); *Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977)**.

Petitioner claims counsel was ineffective because he failed to object to Petitioner's prior state court conviction for assault on a female being used as a prior felony conviction supporting his designation as a career

offender.  Petitioner contends that his conviction for assault on a female

does not satisfy the requirement for a crime of violence because this

conviction "is a class A1 misdemeanor, that provides a maximum term of

imprisonment of 150 days."  **Petitioner's Memorandum in Support of**

**Motion to Vacate, filed November 16, 2006, at 4.**

There are three prerequisites to a defendant being sentenced as a

career offender; 1) defendant was at least 18 years old at the time he

committed the instant offense; (2) the instant offense of conviction is a

felony that is either a crime of violence or a controlled substance offense;

and (3) the defendant has at least two prior felony convictions of either a

crime of violence or a controlled substance.  **U.S.S.G. § 4B1.1 (1993)**.

Petitioner takes issue with one of his prior convictions.  Specifically,

he contends that his conviction for assault on a female does not qualify as

a felony crime of violence because under North Carolina law such

conviction is a misdemeanor punishable by a maximum term of

imprisonment of 150 days.  As such, Petitioner claims that his counsel was

ineffective for failing to raise this issue at his sentencing.

Petitioner is incorrect.  Petitioner was convicted of the crime of assault on a female prior to October 1, 1994.[1]  Prior to that date, assault on a female was punishable by a term of imprisonment of not more than two years.  **N.C. Gen. Stat. § 14-33(b) (1992).**  Furthermore, the commentary and application notes to § 4B1.2 of the Guidelines state that "'prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed."  Therefore, the amount of time for which a prior offense is punishable is the controlling factor and not whether such offense is designated as a felony or a misdemeanor in the state system.  On March 1, 1993, the date Petitioner committed the crime of assault on a female, such crime was punishable by a term of imprisonment of not more than two years.  **N.C. Gen. Stat. § 14-33(b)(1992).**

Petitioner's conviction for assault on a female was properly considered by this Court as a prior felony conviction for a crime of violence

---

[1] On October 1, 1994, the North Carolina Structured Sentencing Act went into effect.

for purposes of career offender status.  Therefore, Petitioner's counsel was not deficient for failing to object  to Petitioner's conviction for assault on a female being considered as a prior felony conviction for a crime of violence for purposes of Petitioner's designation as a career offender.[2]

Based on the Court's review of the Petitioner's motion and the criminal proceedings, the Court finds the relevant record evidence conclusively shows that Petitioner has not established his claim of ineffective assistance of counsel and that he cannot satisfy either prong of the *Strickland* test.  Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss the Petitioner's motion.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct judgment is **DENIED**.  A Judgment dismissing this action is filed herewith.

---

[2] Petitioner does not contest that his conviction for assault on a female is a crime of violence.  However, out of an abundance of caution, the Court notes that Petitioner's conviction for assault on a female also satisfies the definition of crime of violence.  **See U.S.S.G. § 4B1.2(a).**

8

Signed: May 16, 2007

Lacy H. Thornburg
United States District Judge