UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-107-MR
(1:02-cr-105-MR-4)

MICHAEL ANTHONY JENKINS, )
)
        Petitioner, )
)
vs. ) **ORDER**
)
UNITED STATES OF AMERICA, )
)
)
        Respondent. )
_____)

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed under 28 U.S.C. § 2255 or, in the Alternative, under 28 U.S.C. § 2241.[1] [Doc. 1]. No response from the Government is necessary. For the reasons that follow, the Court finds that this is an unauthorized, successive petition. The Court therefore dismisses the Motion to Vacate. The Court further finds that Petitioner may not obtain relief under § 2241.

---

[1] The instant motion is docketed as a Section 2255 motion, but Petitioner suggests in his petition that he is intending to bring it as a Section 2241 petition. Even if Petitioner were attempting to file the petition as one filed under Section 2241, it still must be treated as a successive petition because Section 2241 cannot be used to avoid the successive petition rules for Section 2255 motions to vacate. The Court also notes that Petitioner did not sign the petition under penalty of perjury.

## BACKGROUND

On February 28, 2003, Petitioner entered into a plea agreement with the Government under which he pled guilty to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841 and 846, and possessing and brandishing a firearm in relation to a drug trafficking crime, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1) and (2). [Criminal Case No. 1:02cr105-MR-4, Doc. 139: Plea Agreement]. On March 19, 2004, this Court sentenced Petitioner to 292 months' imprisonment. [Id., Doc. 292: Amended Judgment].

Petitioner filed his first 28 U.S.C. § 2255 petition on November 17, 2006, which this Court denied on May 16, 2007. See [Docs. 358, 373, 1:06cv373 (W.D.N.C.)]. Petitioner filed the instant Section 2255 petition on April 2, 2013. Thus, this is the second Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 1:02cr105-MR-4. In the instant petition, Petitioner seeks relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), contending that he was improperly designated as a career offender under U.S.S.G. § 4B1.1.

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255

Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, this successive petition

must be dismissed.[2] See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

Next, to the extent that Petitioner alternatively seeks relief under 28 U.S.C. § 2241, he is not entitled to relief. A petitioner seeking to attack his conviction or sentence must file a motion under Section 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under Section 2255 is "inadequate or ineffective" only when:

(1) at the time of conviction settled law of this circuit or the

---

[2] District courts in the Fourth Circuit to have addressed the issue have held that petitions that raise Simmons claims are properly characterized as successive petitions. See Evans v. Warden at FMC Butner, No. 5:12-HC-2043-FL, 2012 WL 6633942, at *2 (E.D.N.C. Dec. 20, 2012) (stating that if an action raising a Simmons claim were treated as a Section 2255 petition, it would be dismissed as successive); Newman v. United States, No. 6:04-cr-01127-GRA-8, 2012 WL 6618754, at *2 (D.S.C. Dec. 19, 2012) (dismissing as an unauthorized, successive petition a Section 2255 petition raising Simmons claims); Akili v. Zych, No. 7:12-cv-456, 2012 WL 4891701, at *2 (W.D. Va. Oct. 15, 2012) (assuming that an action raising a Simmons claim would be a successive petition); Jones v. United States, Civil Action No. WDQ-12-2186, 2012 WL 3115756, at *2 (D. Md. July 25, 2012) (dismissing as an unauthorized, successive petition a Section 2255 petition raising Simmons claims).

4

> Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Here, Petitioner does not challenge the legality of his conviction; rather, he challenges his sentence, which he contends was improperly enhanced because he was wrongly designated as a career offender. As Petitioner is challenging his sentence only, he has failed to demonstrate that pursuit of relief through Section 2255 is inadequate. Moreover, without consideration of the prior drug conviction, Petitioner was still sentenced to a term of imprisonment within the maximum statutory sentence. See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012). For these reasons, Petitioner is not entitled to relief under Section 2241.

For the reasons stated herein, Petitioner's Section 2255 petition is dismissed. Furthermore, Petitioner may not obtain relief under Section 2241.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct.

1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, [Doc. 1], is **DISMISSED** as a successive petition. Furthermore, to the extent Petitioner seeks to obtain relief under Section 2255, he is not entitled to relief.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

Signed: June 10, 2013

Martin Reidinger
United States District Judge