THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:02-cr-00105-MR-4

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **MICHAEL ANTHONY JENKINS,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* letter, which the Court construes as a motion for clarification [Doc. 590].

On December 2, 2002, the Defendant was charged in a Bill of Indictment with engaging in a conspiracy to possess with intent to distribute cocaine. [Doc. 3]. The conspiracy was alleged to have occurred from January 2001 through December 2002. [Id.]. Additionally, the Defendant was charged with possessing a firearm during and in relation to a drug trafficking crime. [Id.]. That offense conduct was alleged to have occurred on or about October 21, 2001, during the course of the conspiracy. [Id.]. The Defendant pleaded guilty to both counts pursuant to a written plea agreement in February 2003. [Doc. 139]. He was sentenced to a total term of 292 months' imprisonment [Doc. 292], and his conviction and sentence were

affirmed on appeal.  United States v. Jenkins, 159 F. App'x 496 (4th Cir. 2005).  The Defendant filed two post-conviction motions to vacate pursuant to 28 U.S.C. § 2255 [Docs. 358, 552], both of which were dismissed.  [Docs. 372, 561].

The Defendant now seeks clarification as to whether he is currently serving time for a conspiracy conviction based on an indictment from 2001, which the Defendant claims does not exist, or an indictment from 2002, on which the Defendant claims he was never arraigned.  [See Doc. 590 at 1 ("Am I sitting and doing this time for the conspiracy indictment that I was suppose to of got [sic] in 2001 that doesn't exist or am I here on the 2002 indictment that I never went in front of a Judge for?")].

In his letter, the Defendant appears to challenge the validity of his conviction.  The Defendant, however, already has sought direct review of his conviction, as well as post-conviction relief pursuant to 28 U.S.C. § 2255.  To the extent that the Defendant seeks to challenge the validity of his conviction, his motion must be dismissed as a successive § 2255 petition.  See 28 U.S.C. § 2255(h).

In any event, the Defendant's challenge is without merit.  The record reveals that the Defendant was charged in only one indictment, that he pleaded guilty to the charges to that indictment, and that he is currently

serving a sentence based upon his conviction. The Defendant's contention that he was never prosecuted on the 2002 indictment is simply specious.

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* letter, which the Court construes as a motion for clarification [Doc. 590], is **DENIED AS MOOT**.

**IT IS SO ORDERED**.  Signed: September 26, 2015

Martin Reidinger
United States District Judge